UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    V.                    CRIMINAL NO. 92-10179-K-01
                                         -02
                                         -04

FRANCIS P. SALEMME, JR.,
DENNIS D. LEPORE,
WILLIAM M. WINN.

ORDER ON JOINT MOTION FOR
DISCOVERY FOR THE PURPOSE OF IDENTIFYING
WHETHER SEVERANCE IS NECESSARY AND APPROPRIATE (#38)

COLLINGS, U.S.M.J.

    In their Joint Motion for Discovery for the Purpose of Identifying Whether Severance is Necessary or Appropriate (#38), the defendants Salemme, Lepore and Winn seeks discovery from the Government as to evidence of antagonisms between some or all of them which is claimed to be exculpatory (people who are antagonistic to each other don't conspire together) and will form the basis of a motion for severance based on antagonistic defenses. Defendants point to the Government's trial brief in the case of United States v. Dennis Lepore, et al., Cr. No. 89-289-WF, which indicates that in 1989, "deep divisions" existed between the "families" which resulted in Francis Salemme, Sr. (defendant Salemme's father) being shot and Joseph Grasso being murdered. The



defendants aver that:

> According to Government allegations, Joe Russo, Vincent Ferrara and Robert Carroza were responsible for the shootings. [citation omitted] DENNIS LEPORE was alleged to have been an associate of these individuals under the supervision of Robert Carroza.

# 38, p. 5.

The argument continues:

> Whether or not the above allegations are true, there exists a real possibility that., at trial, in defense to the allegation of a conspiracy between FRANCIS SALEMME, JR. and DENNIS LEPORE, Defendant SALEMME would raise the above allegations as evidence that the two could not have conspired together if there was a "deep division" between them. Such a defense would raise the highly prejudicial issue of Frank Salemme, Sr. being shot by Mr. LEPORE's alleged associates, information which would not otherwise be admissible, but would result in Mr. LEPORE being deprived of a fair trial. Given such prejudicial allegations, if there is evidence to support the same as sought herein, severance would be mandated by concerns of due process and a fair trial.

# 38, pp. 5-6.

The Government denies that it is in possession of any evidence linking defendant Lepore to the shooting of Frank Salemme, Sr., and, therefore, defendants' motion is moot. See # 39, p. 2. Defendant Lepore replies that:

> The issue is not whether the Government will raise the issue, but whether a co-defendant will attempt to introduce such evidence in a manner prejudicial to the due process rights of Mr. LEPORE to a fair trial.

# 57 at p. 1.

Thus, the issue comes down to a motion by defendants Lepore and **Salemme** for discovery from the Government based on the possibility that **Salemme**, one of the moving parties, may offer

evidence at trial which the Government will not and does not have in its possession, custody and/or control. Merely stating the issue reveals its absurdity.

It is ORDERED that the Joint Motion for Discovery for the Purpose of Identifying Whether Severance is Necessary and Appropriate (#38) be, and the same hereby is, DENIED as drafted. However, the Government is directed to treat the motion as a "request" for exculpatory evidence[1] on the issue of whether Salemme and Lepore conspired together as alleged in the indictment.

Any motions to sever shall be filed and served <u>on or before the close of business on Friday, April 30, 1993</u>; any opposition/response shall be filed and served <u>on or before the close of business on Friday, May 7, 1993</u>.

ROBERT B. COLLINGS
United States Magistrate Judge

April 26, 1993.

---

[1] As per the holding of <u>United States v. Agurs</u>, 427 U.S. 97 (1976),